**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KELVIN D. BEARD,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:11-CV-823
CRIM. NO. 2:09-CR-33
JUDGE GREGORY L. FROST
MAGISTRATE JUDGE ELIZABETH P. DEAVERS**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the instant Petition, Respondent's *Return of Writ,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

Petitioner was convicted of conspiracy to distribute and possess with intent to distribute marijuana, five kilograms or more of cocaine, and 50 grams or more of crack cocaine on May 21, 2009. This conviction is the result of a negotiated plea agreement. On October 22, 2009, the Court imposed 180 months imprisonment plus five years supervised release. Doc. 72. Petitioner did not file an appeal.

On October 13, 2010, pursuant to the government's Rule 35 motion for a reduction of sentence, the Court reduced Petitioner's sentence to 140 months imprisonment. Doc. 80. Petitioner did not file an appeal of this new sentence.

On September 14, 2011, Petitioner filed the instant Motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He asserts that he was denied effective assistance of counsel

because his attorney improperly agreed that Petitioner qualified as a career criminal for purposes of sentencing and advised Petitioner not to request that an appeal be filed at sentencing (claim one); that he was denied effective assistance of counsel because his attorney failed to challenge the enhancement of his sentence for his leadership role in the offense (claim two); that he was denied effective assistance of counsel because his attorney failed to review with Petitioner his PreSentence Investigation Report prior to sentencing (claim three); and that he was denied effective assistance of counsel because his attorney failed to challenge the enhancement of his sentence for possession of a firearm (claim four).

It is the position of the Respondent that this action is barred by the one-year statute of limitations and that Petitioner's claims are without merit.

## STATUTE OF LIMITATIONS

28 U.S.C. § 2255(f) provides for a one-year statute of limitations in connection with the filing of federal habeas corpus petitions. The statute provides as follows:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not file an appeal after the Court entered the judgment on October 22, 2009. His conviction became "final," for purposes of § 2255(f),therefore, in early November 2009, when the time period for filing an appeal expired. *See Sanchez–Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Because the petition was filed more than one year after this date, it is untimely.

The government's filing of a motion for reduction of Petitioner's sentence under Rule 35 of the Federal Rules of Criminal Procedure did not affect the date that Petitioner's judgment of conviction became final for purposes of the statute of limitations. Specifically, Congress provided in 18 U.S.C. § 3582(b) as follows:

> **Effect of finality of judgment**.--Notwithstanding the fact that a sentence to imprisonment can subsequently be--
>
> (1) modified pursuant to the provisions of subsection (c);
>
> (2) *corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure* and section 3742; or
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C. § 3582(b) (emphasis added). Thus, the original judgment of conviction remains the final judgment even when the Court reduces a sentence as the result of the Government's motion under Rule 35. A Rule 35 motion "'has no impact on the finality of a defendant's judgment of conviction and does not alter the date on which the judgment of conviction becomes final for purposes of the statute of limitations.'" *Shropshire v. United States*, No. 1:08-cv-261, 1:02-cr-72, 2011 WL 4064704, at *3 (E.D. Tenn. Sept. 13, 2011) (quoting *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011)); *Reichert v. United States*, 101 Fed.Appx. 13, 14 (6th Cir. 2004) ("Under 18 U.S.C.

3

§ 3582(b), the defendant's original judgment of conviction remains the final judgment even if his sentence has been modified or reduced as the result of the government filing a Rule 35 motion."). Moreover, Petitioner has failed to establish any extraordinary circumstances that would justify equitable tolling of the statute of limitations.

Petitioner's original judgment of conviction was October 22, 2009. He had one year to file the instant Motion to Vacate under Rule § 2255. Petitioner did not file his Motion until September 14, 2011. The Motion is, therefore, untimely.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred**.**

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                                       *s/ Elizabeth A. Preston Deavers*
                                                                       **Elizabeth A. Preston Deavers**
                                                                       **United States Magistrate Judge**

**Date:  January 23, 2013**