IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELVIN D. BEARD,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:11-CV-823
CRIM. NO. 2:09-CR-00033
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

On March 27, 2013, the Court entered an Order dismissing the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The Court concluded that the Motion was time-barred. This matter is before the Court on Petitioner's *Motion to Reopen Proceedings*, Respondent's *Response*, Petitioner's *Reply,* and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that Petitioner's *Motion to Reopen Proceedings,* (ECF No. 107) be **DENIED.**

Petitioner requests relief under Rule 60(b) of the Federal Rules of Procedure from the *Final Judgment* of dismissal of this action as barred by the one-year statute of limitations. Rule 60(b) provides as follows:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   (1)  mistake, inadvertence, surprise, or excusable neglect;
>
>   (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

   (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   (4)  the judgment is void;

   (5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

   (6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

  This Court has previously explored the difference between a Rule 60(b) motion and a successive petition:

> In the habeas context, courts draw a distinction between "true" motions under Fed. R. Civ. P. 60(b) and second or successive petitions. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005). A "true" Rule 60(b) motion either challenges "only a procedural ruling of the habeas court which precluded a merits determination of the habeas application" or challenges "a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone,* 464 F.3d 1213, 1216 (10th Cir. 2006) (citing *Gonzalez*, 545 U.S. 532). Examples of "true" Rule 60(b) motions include a motion that a "court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations. . . ." *Id.* In contrast, a second or successive petition asserts a federal basis for relief from the underlying conviction. *See id.* Examples of second or successive petitions include "a claim of constitutional error omitted from the movant's initial habeas petition, a motion seeking leave to present newly discovered evidence in order to advance the merits of a claim previously denied, or a motion seeking vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim." *Id.* (internal quotations and citations omitted).

*Santiago v. Hurley*, No. 2:05-cv-560, 2013 WL 3814266 (S.D. Ohio July 22, 2013). Because Petitioner challenges this Court's dismissal of his § 2255 petition as time-barred, the Court considers the Motion under Rule 60(b).

Petitioner contends as grounds for his Rule 60(b) motion that the Court should apply equitable tolling to the statute of limitations. He maintains that he asked his attorney to file an appeal, but his attorney failed to do so. Petitioner asserts he diligently pursued relief. He claims that he called his attorney and had his wife attempt to contact counsel, to no avail. He finally received a letter in response from defense counsel, but it said nothing regarding an appeal. *Motion to Reopen Proceedings*, Doc. No. 107, PageID# 437; *Reply*, Doc. No. 117, PageID #522. He sent letters to the prosecutor inquiring whether a motion under 28 U.S.C. § 2255 had been filed by defense counsel. *Reply,* Doc. No. 117, PageID #522. The prosecutor informed Petitioner that if he filed a motion to vacate, set aside or correct sentence, the Rule 35 motion would be delayed.[1] PageID #523. Petitioner learned, shortly before his re-sentencing hearing on October 13, 2010, that defense counsel had neither filed an appeal nor pursued a § 2255 petition on Petitioner's behalf. PageID#438.

---

[1] Rule 35(b) of the Federal Rules of Criminal Procedure provides in relevant part:

Reducing a Sentence for Substantial Assistance.

(1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

(2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

(A) information not known to the defendant until one year or more after sentencing;

(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

(C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

(3) Evaluating Substantial Assistance. In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

(4) Below Statutory Minimum. When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

On October 13, 2010, this Court granted the prosecutor's Rule 35 motion, reducing Petitioner's sentence from 180 months to 140 months imprisonment. *See* Doc. No. 80.

On January 6, 2011, Petitioner arrived at McKean federal prison facility. There, he asserts that he began to prepare his § 2255 petition by writing his probation officer and attempting to obtain documentation regarding his prior convictions.[2] *See Reply*, Doc. 117, PageID# 523-24. According to Petitioner, he was in transit in different jail facilities until that time, and could not have filed a § 2255 petition. *See Petition*, Doc. No. 107, PageID# 438. On September 14, 2011, approximately eight months after arriving at the McKean prison facility, Petitioner filed this habeas corpus petition. *See* Doc. No. 85. Petitioner acknowledges that he could have filed a § 2255 motion earlier, but argues he was investigating his prior conviction(s) in Georgia. *Reply*, Doc. No. 117, PageID #524.

In view of these circumstances, as well as his *pro se* incarcerated status and lack of knowledge of the legal system, Petitioner contends the statute of limitations should be equitably tolled. Petitioner also asserts he is actually innocent of the crimes that served as the basis for the enhancement of his sentence based on his career criminal status, which, according to Petitioner, justifies reopening this action and granting him equitable tolling of the statute of limitations. PageID #527. In support, Petitioner has attached various documents regarding his prior convictions, what purports to be a letter from the probation officer responding to Petitioner's March 2011 inquiry which includes documents regarding Petitioner's prior Georgia conviction on possession of marijuana with intent to distribute, and the response to a prior habeas corpus petition he filed in the United States District Court for the Middle District of Georgia challenging that conviction. PageID#467.[3] He argues at length that the Court improperly

---

[2] Petitioner's prior January 16, 1996, conviction in the Ross County Court of Common Pleas on aggravated trafficking in drugs and his November 11, 1998, conviction in Decatur County, Georgia, on possession of marijuana with intent to distribute, qualified him as a career offender under § 4B1.1(a), thus increasing his recommended sentence under the United States Sentencing Guidelines. *PreSentence Investigation Report*, ¶ 58-59.

[3] This document indicates that Petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Georgia in 2011, but does not

enhanced his sentence based on his career-offender status and, more specifically, that the Georgia conviction does not qualify as a crime subject to the enhancement. *Motion to Reopen Proceedings*, Doc. No. 107, PageID# 444-451.

A federal habeas court may toll the running of the statute of limitations "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Holland v. Florida*, 560 U.S. 631 (2010). "[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. A petitioner's *pro se* incarcerated status and limited access to the prison's law library do not constitute extraordinary circumstances justifying equitable tolling of the statute of limitations. *See Lathan v. Warden Southeastern Corr. Inst.*, No. 2:11–cv–302, 2012 WL 368048 (S.D. Ohio Feb. 3, 2012) (reaching same conclusion). In *Holland v. Florida*, the United States Supreme Court held that equitable tolling of the statute of limitations should be granted where the petitioner diligently pursued his rights and "some extraordinary circumstance stood in his way and prevented timely filing." 560 U.S. at 649 (citing *Pace v. Guglielmo*, 544 U.S. at 418). The record fails to reflect such circumstances here.

Accepting all of Petitioner's allegations as true, and assuming that he did not learn that his attorney had failed to file an appeal or a § 2255 petition until October 13, 2010, the date of his re-sentencing hearing, this action remains untimely. Petitioner indicates he arrived at the McKean prison facility on January 6, 2011. He filed a § 2254 petition in the United States

---

indicate the date on which he filed the petition. PageID #471.

District Court in Georgia and went about obtaining information regarding his prior convictions in the Georgia courts. As previously discussed, Petitioner's *pro se* status, lack of knowledge of the law, or limited access to the prison's law library does not justify equitable tolling of the statute of limitations. Petitioner waited approximately eight months after arriving at the McKean prison facility to file the instant motion to vacate, set aside or correct sentence. The record fails to reflect that any extraordinary circumstance prevented him from earlier filing this § 2255 motion, or that he thereby exercised diligence in pursuing relief. *See Holland v. Florida*, 560 U.S. at 649.

To the extent Petitioner contends that he is actually innocent of the career-offender enhancement aspect of his sentence, this argument too fails to save his untimely § 2255 petition from dismissal. Actual innocence *of the underlying* charge may justify the equitable tolling of the statute of limitations. As explained by the Sixth Circuit Court of Appeals in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005):

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not

>> presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Id*. at 589–90 (footnote omitted).  A petitioner who asserts a convincing claim of actual innocence need not establish that he was diligent in pursuing this claim.[4]  *McQuiggin v. Perkins*, ⸺ U.S. ⸺, 133 S.Ct. 1924, 1932–33 (2013).

Here, Petitioner argues that he is actually innocent of the career-offender enhancement of his sentence such that the Court should excuse his late filing and engage in a merits review. Even assuming it is true that he is not a career offender as that term is described in the Sentencing Guidelines, Petitioner cannot make the type of "actual innocence" showing needed to overcome the statute of limitations bar.  As this Court has previously held, actual innocence of a factor that enhances a sentence will not suffice to justify a merits review of an untimely petition:

> But what must a petitioner be innocent of?  At least in the Sixth Circuit, the law is clear that the innocence a petitioner claims must be either of the conviction itself, in a non-capital case, or of the conviction or sentence in a capital case. That is, "this Circuit has only applied the exception if a petitioner is either (i) factually innocent of the crime for which he was convicted, or (ii) innocent of a death sentence in a capital case." *Lee v. Brunsman*, 474 Fed. Appx. 439, 441 (6th Cir. Apr. 4, 2012).  Petitioner's claim of actual innocence of a factor which he claims was used to enhance his sentence does not fall into either of those categories. This is not a capital case, and he does not claim to have been innocent of any of the charges to which he pleaded guilty. Consequently, he cannot avail himself of the actual innocence exception to the statute of limitations.

---

[4] The United States Supreme Court noted that "[a] showing that delay was part of a deliberate attempt to manipulate the case . . . might raise a different ground for withholding equitable relief." The Supreme Court, however, did not reach the issue because it was not raised in this particular case. *McQuiggin v. Perkins*, 133 S.Ct. at 1936.

7

> The *Lee* court did acknowledge that some other Courts of Appeals have applied the actual innocence concept to some sentencing issues in non-capital cases, but even when that is done, the only "legitimate actual-innocence argument is a challenge to the correctness of a factual conclusion that was a prerequisite to the petitioner's sentence." *Lee* at 443. That is not Petitioner's claim; he does not attack any factual conclusion made by the Court when it imposed sentence, but rather the Court's reliance on certain facts, *i.e.* his possession of weapons which, in his view, were obtained under an agreement that they would not be mentioned during the sentencing process. That is a legal argument, not a factual one. *See also McKay v. United States*, 657 F.3d 1190, 1198 (11th Cir. 2011) (rejecting a claim of actual innocence based on an allegedly improper sentencing enhancement because the claim was "one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview"), citing *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).
>
> In short, as the court said in *Breeze v. United States*, 2013 WL 268890, *10 (E.D. Tenn. Jan.24, 2013), applying Sixth Circuit law, "[t]he actual innocence exception does not apply in cases where a defendant simply alleges that he should have received a lesser sentence and does not claim that he is actually innocent of the offense." Because this describes Petitioner's argument exactly, he cannot take advantage of the actual innocence exception even if everything he says in his motion is true. Consequently, Petitioner's motion to vacate must be denied because it was filed too late.

*Muslim v. United States*, Case No. 2:08-CR-238 (S.D. Ohio, April 8, 2014) (*Report and Recommendation* adopted, 2014 WL 1664484 (S.D. Ohio Apr. 25, 2014)).

Here, Petitioner claims that his Georgia conviction for possession of marijuana with the intent to distribute does not qualify as a drug trafficking crime. As such, he maintains that it should not have gone into the calculus for determining whether he was a career offender subject to an enhancement of his sentence. Petitioner does not claim that he did not actually commit the crime. Whether the District Court improperly used a non-qualifying crime to enhance his sentence, however, is a legal argument. Even assuming the actual innocence exception applies

in this context—a proposition this Court does not espouse—in order to establish his actual innocence, Petitioner has failed to demonstrate that he is factually innocent of his prior conviction. "Put another way, factual innocence takes the form of an 'I did not do it,' whereas one species of a legal innocence claim is 'I did it but you should not have taken into account the facts which show that I did it.'" *Muslim*, 2014 WL 1664484 at \*2. Petitioner's claim is clearly the latter.

In short, the record fails to reflect that this is one of the rare and extraordinary cases justifying a merits review of Petitioner's otherwise time-barred claims or that equitable tolling of the statute of limitations is appropriate. The Magistrate Judge therefore **RECOMMENDS** that Petitioner's *Motion to Reopen Proceedings,* Doc. No. 107, be **DENIED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

  s/ *Elizabeth A. Preston Deavers*  
Elizabeth A. Preston Deavers

United States Magistrate Judge